UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

MATTHEW GARRETT MINK

CASE NO. 2:21-cr-101-SPC-NPM
26 U.S.C. § 5861(l)
18 U.S.C. § 1001(a)(3)
18 U.S.C. § 1028A(a)(1)
26 U.S.C. § 5861(i)
26 U.S.C. § 5861(d)
18 U.S.C. § 922(o)
18 U.S.C. § 922(j)
18 U.S.C. § 924(a)(1)(A)
18 U.S.C. § 2

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about September 10, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK**,

did knowingly make and cause the making of a false entry on an application required by Chapter 53 of Title 26, United States Code, specifically a forged signature of T.C.G. on a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4, Application for Tax Paid Transfer and Registration of Firearm, knowing such entry to be false.

In violation of 26 U.S.C. §§ 5848(b), 5861(l) and 5871.

## COUNT TWO

On or about September 10, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly and willfully make and use any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry in any matter within the jurisdiction of the executive branch of the Government of the United States, in that defendant **MATTHEW GARRETT MINK** did make and use a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4, Application for Tax Paid Transfer and Registration of Firearm, which contained a forged signature of T.C.G. purporting to certify the contents of such application under penalties of perjury.

In violation of 18 U.S.C. § 1001(a)(3).

## COUNT THREE

On or about September 10, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly use, without lawful authority, a means of identification of another person, specifically, T.C.G.'s name and forged signature, during and in

2

relation to a felony violation of any provision contained in Chapter 47 of Title 18, United States Code, relating to fraud and false statements, specifically a violation of 18 U.S.C. § 1001(a)(3), knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

### COUNT FOUR

On or about December 2, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly possess a firearm, as defined by 26 U.S.C. § 5845(a)—specifically, a firearm silencer, as defined by 26 U.S.C. § 5845(a)(6) and 18 U.S.C. § 921(a)(24)—which was not identified by a serial number as required by Chapter 53 of Title 26, United States Code.

In violation of 26 U.S.C. §§ 5842, 5861(i) and 5871.

### COUNT FIVE

On or about December 2, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly possess a firearm, as defined by 26 U.S.C. § 5845(a)—specifically, a firearm silencer, as defined by 26 U.S.C. § 5845(a)(6) and 18

3

U.S.C. § 921(a)(24)—which was not registered to him in the National Firearms Registration and Transfer Record as required by Chapter 53 of Title 26, United States Code.

In violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.

## COUNT SIX

On or about December 2, 2020, in the Middle District of Florida, the defendant,

## MATTHEW GARRETT MINK,

did knowingly possess a machinegun, as defined by 26 U.S.C. § 5845(b), specifically, a Vector Arms machinegun.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## COUNT SEVEN

On or about December 17, 2020, in the Middle District of Florida, the defendant,

## MATTHEW GARRETT MINK,

did knowingly possess a firearm, as defined by 26 U.S.C. § 5845(a)—specifically, a Dead Air firearm silencer, as defined by 26 U.S.C. § 5845(a)(6) and 18 U.S.C. § 921(a)(24)—which was not registered to him in the National Firearms Registration and Transfer Record as required by Chapter 53 of Title 26, United States Code.

In violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.

## COUNT EIGHT

On or about December 17, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly possess a stolen firearm, as defined by 18 U.S.C. § 921(a)(3), specifically, a Dead Air firearm silencer, as defined by 18 U.S.C. § 921(a)(24), which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen.

In violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

## COUNT NINE

On or about November 19, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly make a false statement and representation with respect to information required to be kept in the records of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that **MATTHEW GARRETT MINK** did falsely enter receipt information concerning the acquisition of a PTR

firearm in the bound firearms acquisition and disposition record of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo.

In violation of 18 U.S.C. §§ 924(a)(1)(A).

## COUNT TEN

On or about November 24, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly make a false statement and representation with respect to information required to be kept in the records of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that **MATTHEW GARRETT MINK** did falsely enter receipt information concerning the acquisition of a Coharie Arms firearm in the bound firearms acquisition and disposition record of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo.

In violation of 18 U.S.C. §§ 924(a)(1)(A).

## COUNT ELEVEN

On or about November 24, 2020, in the Middle District of Florida, the defendant,

**MATTHEW GARRETT MINK,**

did knowingly make a false statement and representation with respect to information required to be kept in the records of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that **MATTHEW GARRETT MINK** did falsely enter receipt information concerning the acquisition of a Vector Arms firearm in the bound firearms acquisition and disposition record of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo.

In violation of 18 U.S.C. §§ 924(a)(1)(A).

### COUNT TWELVE

On or about November 30, 2020, in the Middle District of Florida, the defendant,

### MATTHEW GARRETT MINK,

did knowingly make a false statement and representation with respect to information required to be kept in the records of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that **MATTHEW GARRETT MINK** did falsely enter receipt information concerning the acquisition of an Arsenal firearm in the bound firearms acquisition and disposition record of 2400 GC Tamiami Trail North Inc d/b/a Naples Guns and Ammo.

In violation of 18 U.S.C. §§ 924(a)(1)(A).

## FORFEITURE

1. The allegations contained in Counts One, Four, Five, and Seven are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to provisions of 28 U.S.C. § 2461(c), 26 U.S.C. § 5872, and 49 U.S.C. § 80303.

2. Upon conviction of any violation under 26 U.S.C. § 5861, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

3. The allegations contained in Counts Six, Eight, Nine, Ten, Eleven, and Twelve, are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

4. Upon conviction for a violation of 18 U.S.C. §§ 922(o), 922(j), or 924(a)(1)(A), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

5. The property to be forfeited includes, but is not limited to, the following:

   a. a Vector Arms firearm bearing S/N V0964;

   b. two metallic firearm silencers with no manufacturing marks or serial numbers; and

   c. a Dead Air firearm silencer bearing S/N WM9-2308;

6. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: *Simon R Eth*
Simon R. Eth
Assistant United States Attorney

By: *Jesus M. Casas*
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Fort Myers Division

### THE UNITED STATES OF AMERICA

vs.

### MATTHEW GARRETT MINK

### INDICTMENT
Violations: 26 U.S.C. §§ 5861(l), 5861(i) and 5861(d)
18 U.S.C §§ 1001(a)(3), 1028A(a)(2), 922(o)(1), 922(j) and 924(a)(1)(a)

A true bill,

_____
Foreperson

Filed in open court this 20th day

of October, 2021.

_____
Clerk

Bail $_____

GPO 863 525